UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| **In Re:**<br><br>**Paul J. Hathaway and Mikki Jan Hathaway,**<br><br>　　　　　　　**Debtors.** | **Bankruptcy Case<br>No. 17-40989-JMM** |
| **Janet Nelson and Robert Nelson,**<br><br>　　　　　　　**Plaintiffs,**<br><br>**vs.**<br><br>**Paul J. Hathaway and Mikki Jan Hathaway, husband and wife,**<br><br>　　　　　　　**Defendants.** | **Adv. Proceeding<br>No.18-08016-JMM** |

## MEMORANDUM OF DECISION

**Appearances:**

　　　Michael J. Whyte, THOMSEN HOLMAN WHEILER, PLLC, Idaho Falls, Idaho, Attorney for Plaintiffs.

　　　Robert J. Maynes, MAYNES TAGGART, PLLC, Idaho Falls, Idaho, Attorney for Defendants.

MEMORANDUM OF DECISION − 1

## Introduction

Defendants Paul and Mikki Hathaway ("Defendants") moved to dismiss the complaint filed by the plaintiffs, Janet and Robert Nelson ("Plaintiffs"), under Rule[1] 7012 which incorporates Civil Rules 12(b)(6) and (b)(9). Dkt. No. 10. In their supporting brief, Defendants raised four separate grounds for dismissal of the Complaint. Dkt. No. 10-1. First, that the complaint, which seeks to determine that the debts owed to Plaintiffs are not dischargeable, was filed too late. Second, that there are no facts alleged linking Mikki Jan Hathaway to any wrongdoing. Third, that there are insufficient facts alleged to support claims under § 523(a)(4). Fourth, that the allegations concerning fraud failed to meet the standard of Rule 7009. The Plaintiffs opposed the Motion in a written response and in oral argument. Dkt. Nos. 12-14; 17.

## Procedural History

At the hearing conducted on April 23, 2018, the Court first obtained the consent of the parties to this adversary proceeding to enter all appropriate orders and judgments under 28 U.S.C.§ 157(b).

It then considered the written and oral arguments of the parties regarding the Motion and ruled from the bench. Specifically, the Court held that the Motion was granted based on the last three issues raised, finding that the allegations pled in the

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION − 2

Complaint did not adequately state a claim upon which relief could be granted. The Court, however, granted Plaintiffs leave to file an amended complaint to more adequately plead the allegations to address the concerns raised by the Defendants in the last three issues. That amended complaint was required to be filed within 14 days of the entry of an order by this Court on the remaining issue that is addressed herein. The Court also granted leave to the parties to file further written briefing on the timeliness of the filing of the Complaint under Rule 4007(c).

## Facts

The facts regarding whether the Complaint was timely filed are not in dispute. The chapter 11 case was filed on November 9, 2017, by Paul J. Hathaway and Mikki Jan Hathaway as Case No. 17-40989-JMM. BK Dkt. No. 1. Immediately after the filing, the bankruptcy clerk sent notice that the § 341 meeting of creditors would be held in Jerome, Idaho, on December 15, 2017. BK Dkt. No. 7[2]. That notice also established February 13, 2018, as the deadline for filing objections to dischargeability of claims and to entry of the discharge. *Id.* By motion filed December 14, 2017, the United States Trustee vacated the Jerome § 341 meeting. BK Dkt. No. 43. Acting upon the United States Trustee's

---

[2] Rules 2002(a)(1) and (7) require that, unless otherwise ordered by the court, the bankruptcy clerk shall give the debtor, the trustee, and all creditors at least 21 days notice by mail of: the date set for the § 341 meeting and the time fixed for filing proofs of claim. Rule 2002(f)(5) also directs that the clerk, unless otherwise ordered by the court, shall give those same parties notice by mail of "the time fixed for filing a complaint to determine the dischargeability of a debt pursuant to § 523 of the Code as provided in Rule 4007."

MEMORANDUM OF DECISION – 3

motion, the bankruptcy clerk thereafter served an amended notice of the meeting of creditors on all creditors on December 14, 2017.  BK Dkt. No. 44.  That notice rescheduled the § 341 meeting and reset it in Pocatello, Idaho, on January 5, 2018, and set March 6, 2018, as the new filing deadline for dischargeability and objection to discharge complaints.

Thus, when the § 341 meeting was originally scheduled, the bankruptcy clerk established deadlines under Rule 4007(c) for parties in interest to file a complaint to determine the dischargeability of their debt.  That deadline required such complaints to be filed on or before February 13, 2018.  When the § 341 meeting was rescheduled to take place in Pocatello, that deadline was changed to March 8, 2018. As stated above, creditors received written notification of these changes.  BK Dkt. No. 45.

Plaintiffs filed their complaint on March 2, 2018, prior to the deadline established in the amended notice, but after the deadline provided in the original notice.  Dkt. No. 1.  In their motion, Defendants contend the complaint was not timely filed as Rule 4007(c) originally required a filing by February 13, 2018.  Accordingly, the Court must consider whether it is appropriate to punish the Plaintiffs for reviewing the docket and following the second deadline scheduled by the bankruptcy clerk.  This Court determines that the answer is no.  Plaintiffs complied with the deadline set forth by the bankruptcy clerk, and Defendants have not established any prejudice attributable to the delay of a few days.

MEMORANDUM OF DECISION − 4

## Applicable Law

The Court begins its analysis by examining whether the deadline under Rule 4007(c) is jurisdictional. If so, then a waiver of the deadline would not be permissible. The United States Supreme Court provided significant guidance in 2004 when it held that the deadline to file an objection to discharge under Rules 4004(a) and (b) is not jurisdictional in nature. *Kontrick v. Ryan,* 540 U.S. 443 (2004). [3] The Supreme Court also determined that the bankruptcy rules are for practice and procedure and they do not "delineate what cases bankruptcy courts are competent to adjudicate." *Id*. at 453-54; s*ee also Schunck v. Santos (In re Santos)*, 112 B.R. 1001, 1005-06 (9th Cir. BAP 1990) (the deadline set to file a dischargeability complaint is not jurisdictional and thus a party can waive the defense of untimeliness and a court, with cause, can change the dates.)

The Ninth Circuit Court of Appeals has previously addressed the Defendants' argument in *Anwiler v. Patchett (In re Anwiler)*, 958 F.2d 925, 927 (9th Cir. 1992) *cert. den.*, 506 U.S. 882, 113 S. Ct 236, 121 L.Ed 2d 17 (1992). There, a bankruptcy case was filed in the Central District of California, but upon motion, was transferred to the bankruptcy court of the Southern District of California. The first notice sent by the

---

[3] Although *Kontrick* involved a § 727 objection to discharge filed under Rule 4004, the holding and rationale of that case are nevertheless applicable to the § 523/Rule 4007 motion presented here. The Supreme Court observed that "[b]ecause of the practical identity of the time prescriptions for objections to the discharge of any debts under §727(a) and for objections to the discharge of particular debts under §523(c), courts have considered decisions construing Rule 4007(c) in determining whether the time limits delineated in Rule 4004(a) and (b) may be forfeited." *Id*. at 448 n.3.

MEMORANDUM OF DECISION − 5

bankruptcy clerk set the deadline for filing dischargeability complaints as May 23. With the transfer, however, a second notice was served noting that the complaint deadline was changed to June 20. The debtor there, like the Debtors here, moved to dismiss the complaint that was filed before the second deadline set by the clerk. In holding that the case should not be dismissed, the Ninth Circuit entered the following conclusions:

> 1. While Rules 4004(a), 4007(c), and 9006(b)(3) prohibit a court from sua sponte extending the time in which to file nondischargeability or discharge complaints, the court has the equitable power to correct its own errors. *Id.* at 927.
> 2. When a notice is issued by the court that has jurisdiction over a bankruptcy case, the creditors may reasonably believe that such an order is operative. *Id.* at 929.
> 3. That the bankruptcy court has the power under §105 to use its equitable powers to permit an untimely filing when there was an error by the court. *Id*.
> 4. Whether the document containing the error was an order issued by the court or a written notice generated by the bankruptcy clerk, the effect would be the same. *Id.* at n6.
> 5. Allowing the complaint to stand "will not create a substantive right that is not manifest within the code or rules, but merely allows the creditor to exercise that substantive right." *Id*. (citing *Francis v. Riso (In re Riso)*, 48 B.R. 244 (Bankr. D. N.H. 1986), *aff'd,* 57 B.R. 784, 79 (D. N.H. 1986)).
> 6. Finally, because debtor was in a better position than the creditor to clarify and correct the notice issued by the Court, the debtor should bear the loss. *In re Anwiler*, 958 F.2d at 929.

The Defendants have cited *Willms v. Sanderson,* 723 F.3d. 1094 (9th Cir. 2013), for the proposition that this Court cannot alter the 60 days mandated by Rule 4007 to file a complaint to determine the dischargeability of a debt under § 523(c). *Willms* indeed holds that a bankruptcy court could not, under the facts presented, sua sponte alter the 60 days set out under Rule 4007(c) without a timely motion and a showing of good cause.

MEMORANDUM OF DECISION − 6

723 F.3d at 1099.[4] However, the facts in *Willms* are distinguishable from those presented here. In *Willms*, a bankruptcy court was acting on a motion filed by a party that did not provide an adequate showing of cause to extend the 4007(c) deadline, as opposed to the Court correcting an error it made. Further, the Ninth Circuit in *Willms* did not overrule or limit its prior decision in *Anwiller, supra*. Thus, reliance on *Willms* under our facts is misplaced.

The Tenth Circuit has also recognized that courts have "almost uniformly allowed an out of time filing when the creditor relies upon a bankruptcy court notice setting an incorrect deadline." *Themy v. Yu (In re Themy)*, 6 F.3d 688, 689 (10th Cir. 1993). In that decision, the court issued its first notice but later sent a second notice changing the deadline from December 21, 1990, to February 15, 1991. Similar to the Defendants in this case, the debtors in *Themy* argued that the complaint filed between these two dates and after the initial 60 days was untimely and should be dismissed. The Tenth Circuit agreed with the Ninth Circuit in *Anwiler*, finding that the bankruptcy court could correct its mistake by accepting the complaint filed as a timely complaint.

Finally, Defendants have made no showing that they were prejudiced by Plaintiffs' filing their adversary complaint seventeen days after the original deadline.

---

[4] There the bankruptcy court had not only entered an order extending the deadline without notice and a meaningful opportunity for the Debtors to respond, but also suggested to the movant that they might consider relief under § 523(a) rather than what they had originally alleged for cause in their motion to extend the complaint deadline. *Id.* at 1098-1099.

MEMORANDUM OF DECISION − 7

## Conclusion

Based upon the foregoing, the Court denies the Defendants' motion to dismiss this adversary proceeding under Rule 12(b)(6) on the ground that the Complaint was not timely filed.

As noted above, at the hearing on the Motion, the Court previously granted the Defendants' motion to dismiss on the other three grounds alleged but granted the Plaintiffs leave to file an amended complaint within 14 days of the entry of an order concerning the timeliness of the filing of the complaint. This Court will enter a separate order denying the motion to dismiss based on the untimely filing, and granting the motion to dismiss on the other three grounds. Plaintiffs shall thereafter have 14 days from the entry of that order to file an amended complaint.

DATED: May 23, 2018

_____
JOSEPH M. MEIER
U. S. BANKRUPTCY JUDGE